## SMURR v. JAMES.

(Court of Appeals of District of Columbia. Submitted November 9, 1920. Decided December 6, 1920.)

No. 1325.

Patents ⬅90(5)—Priority in interference awarded to senior applicant over objection of nonreduction to practice.

A junior applicant cannot prevail in interference proceedings on the ground that the senior applicant had not reduced the invention to practice, where the junior applicant admittedly began work on the machine where the senior applicant left off, and the counts of the issue plainly read on the senior's machine as set forth in his application, which was a constructive reduction to practice, and which was filed before the date the junior applicant claimed reduction to practice.

Appeal from the Commissioner of Patents.

Interference proceeding between Samuel P. Smurr, junior applicant, and Edward James, senior applicant. From the decision of the Com-

missioner of Patents, awarding priority of invention to the senior applicant, the junior applicant appeals. Affirmed.

Geo. E. Waldo, of Chicago, Ill., for appellant.

H. B. Fay, of Cleveland, Ohio (Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in an interference proceeding, in which priority of invention was awarded to appellee, James.

The invention relates to a die or head for use in a machine for spirally coiling wires around an insulated electric conduit. It appears that—

"James was employed by the Western Conduit & Manufacturing Company in 1910 under a contract, the terms of which provided that for certain specified amounts James was to make 'a machine capable of producing flexible· metal tubing or conduit and armored cable three-eighths inch internal diameter, at a rate of not less than three feet per minute, * * * which will comply with the National Electric Code Construction Rules."

In May, 1911, James turned over the machine to the company· in the form shown in the application here in interference.

Appellant, Smurr, contends that the machine James turned over was impracticable and inoperative, and that he and others were called upon to further develop it. It would thus appear that, at most, Smurr began where James left off. Hence he is compelled to pitch his own case upon the inoperativeness of James' device. We concur with all the tribunals of the Patent Office in holding that the counts of the issue clearly read upon the James machine as set forth in his application, and, since Smurr claims nothing until after James completed his device and turned it over to his employer, he is in poor position to prevail. With the completion of his machne in May, 1911, James must, at least, be accorded conception. This was followed by, his application August 5, 1911, which constituted a constructive reduction to practice, since the claims of the issue were disclosed by the drawings of the application. Smurr does not claim a reduction to practice until February 1, 1912.

In this situation there is no theory upon which Smurr can prevail. Whatever he may have added to the James machine by way of combination or improvement, in the light of James' constructive reduction to practice, cannot be considered in this proceeding.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

Affirmed.